# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CHRISTOPHER MICHAEL CORCORAN,<br><br>       Debtor. | Case No. 10-00741<br>Chapter 7<br><br>Re: Docket No. 68, 69, 70, 71 |

## **MEMORANDUM OF DECISION ON OBJECTIONS TO CLAIMS**

    The debtor was the sole proprietor of a court reporting business. He contracted with law firms and others to provide transcription services, and subsequently contracted with court reporters to carry out the work. He paid the court reporters a percentage of the fee paid by his customers. The business failed and several of the court reporters went unpaid.

    The debtor commenced this chapter 7 case. Four of the court reporters filed claims for the amounts due to them and contended that their claims were "wages, salaries, or commissions" entitled to priority under section 507(a)(4) of the Bankruptcy Code.

    The holder of an allowed claim has objected to the court reporters' claims, arguing that they are not entitled to priority because the court reporters were independent contractors, not employees of the debtor.

I will overrule the objections.[1] Priority status under section 507(a)(4)(A) does not turn upon whether the claimant was an "employee" under nonbankruptcy law.

The plain language of the statute does not restrict priority to the claims of employees. The only requirements are that the claim consist of "wages, salaries, or commissions," the claimant is an individual, and the sums were earned within a specified time period. The section never uses the word "employee."

The historical evolution of the statute also shows that Congress did not intend to limit priority status to technical "employees." Beginning in the early years of the 1898 Bankruptcy Act, Congress has steadily broadened the scope of the "wage priority" provisions, in part expressly to overrule court decisions that independent contractors were not entitled to priority. In re Wang Laboratories, Inc., 164 B.R. 404, 406-08 (Bankr. D. Mass. 1994). Recent cases hold that independent contractors can assert wage priority claims. See, e.g., In re Qualia Clinical Service, Inc., 2009 WL 2513820 at *3 (Bankr. D. Neb. Aug. 11, 2009) (holding that compensated participants in medical testing of pharmaceuticals were entitled to wage priority, even though they were not "employees.")

---

[1]Only one of the four claimants responded to the objections. Ordinarily, the objection to those claims would be sustained by default. As a matter of fairness, however, all of the claims should be treated the same. Therefore, this ruling applies to all four claims.

2

U.S. Bankruptcy Court - Hawaii   #10-00741   Dkt # 74   Filed 12/16/10   Page 2 of 4

The cases cited by the objector are either inapplicable or unpersuasive.

Two of the cases hold that an attorney who represented the debtor prepetition is not entitled to priority under section 507(a)(4). In re Owen, 324 B.R. 373 (Bankr. N.D. Fla. 2004); In re Hutchison, 223 B.R. 586 (Bankr. M.D. Fla. 1998). Although the courts relied in part on the fact that the attorneys were not employees of the debtors, the cases could have rested on the ground that attorneys' fees are not "wages, salaries, or commissions" within the ordinary meanings of those terms.

In re Grant Indus., Inc., 133 B.R. 514 (Bankr. W.D. Mo. 1991), holds that a corporation which provided temporary workers to the debtor could not assert a wage priority claim. The court's decision was clearly correct because the claimant was not an "individual" as the statute requires. The remaining discussion about whether the claimant was an employee is dicta.

In re American Shelter Sys., Inc., 40 B.R. 793 (Bankr. W.D. La. 1984), holds that an outside salesperson who had his own sole proprietorship and who earned commissions for selling the debtor's products was not entitled to a priority claim. Congress overruled American Shelter by enacting section 507(a)(4)(B) in 1994. In any event, I respectfully disagree with the decision because, as stated above, it is inconsistent with the plain language and history of the statute.

3

U.S. Bankruptcy Court - Hawaii   #10-00741   Dkt # 74   Filed 12/16/10   Page 3 of 4

The court reporters' claims are "commissions" within the meaning of section 507(a)(4)(A). Therefore, the objections are OVERRULED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 12/16/2010

4

U.S. Bankruptcy Court - Hawaii   #10-00741   Dkt # 74   Filed 12/16/10   Page 4 of 4